IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MYRA ADAMS, )
)
       Plaintiff, )
)
v. ) No. 06-3303-CV-S-DW
)
GENERAL ELECTRIC COMPANY, )
GE DISABILITY BENEFITS CENTER and )
GE LONG TERM DISABILITY INCOME )
PLAN FOR HOURLY EMPLOYEES )
)
       Defendant. )

**ORDER**

Pending before the Court is Defendants General Electric Company ("GE"), GE Disability Benefits Center ("DBC"), and GE Long Term Disability Income Plan for Hourly Employees (the "Plan") Partial Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 3).

Defendants filed their Partial Motion to Dismiss on August 16, 2006. On September 13, 2006, Plaintiff filed both her Suggestions in Opposition and an Amended Complaint. On September 28, 2006, Defendants filed their Reply Suggestions.

Defendants raised three arguments in their Partial Motion to Dismiss: (1) that DBC is a third-party plan administrator and not a proper defendant; (2) Plaintiff's claims for breach of insurance contract and vexatious refusal are preempted by ERISA and (3) Plaintiff's demands for consequential and/or vexatious damages must be stricken since they are not available under ERISA.

Plaintiff's Amended Complaint rendered moot Defendants' second and third arguments.

In her Suggestions in Opposition, Plaintiff concedes as to Defendants' second and third arguments. Plaintiff has correspondingly stricken any references to state law claims and the claim for "consequential and/or vexatious damage" in her Amended Complaint.[1]

This Court must still decide, however, whether DBC is a proper defendant.

### Standard

A party may move to dismiss for failure to state a claim. Fed. R. Civ. Proc. 12(b)(6). On a 12(b)(6) motion, the Court must assume all facts alleged in the Complaint to be true and construe them in the light most favorable to Plaintiff. Botz v. Omni Air Int'l, 286 F. 3d 488, 489 (8th Cir. 2002). Dismissal is only appropriate if it is clear that relief could not be granted under any set of facts that could be proven consistent with the allegations of the Complaint. Knapp v. Hanson, 183 F. 3d 786, 788 (8th Cir. 1999).

### Argument

Parties agree, and the 8th Circuit has held, that the plan administrator may be a proper defendant in a suit for ERISA benefits. See Hall v. Ljaco, Inc., 140 F. 3d 1190, 1194 (8th Cir. 1998). ERISA specifically defines "Plan Administrator" as "the person specifically designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A).[2]

The question then becomes whether a person other than the party "specifically designated by the terms of the instrument..." may be deemed a Plan Administrator, a "de facto" administrator. The 8th Circuit has specifically withheld comment on this issue. In Hall, the 8th

---

[1] Defendants' request to limit Plaintiff to damages allowed under ERISA is unnecessary given that Plaintiff's Amended Complaint seeks only those damages.

[2] ERISA enumerates other definitions that apply if a party is not designated as the Plan Administrator. Given that the other definitions do not apply to this case or the analysis, the Court omits the remaining alternative definitions.

Circuit noted a circuit split as to whether ERISA recognizes suits against "de facto" administrators. Id. at 1195. The Court did not reach a decision on the issue due to the lack of record or argument below. Id.

Since Hall, the district courts have split as to whether the 8th Circuit recognizes such a suit. Compare Price v. Xerox Corp., 379 F. Supp. 2d 1026, 1028 (D. Minn. 2005) (stating that the 8th Circuit has looked to "among other things, a party's role in an ERISA plan to determine whether it in fact administered the plan."); Copeland v. Aetna Life Ins. Comp., 2005 U.S. Dist. LEXIS 25382, *5-6 (E.D. Mo. 2005) (stating that the 8th Circuit looks to the party who has "retained responsibility for investigating and deciding claims."); with White v. Martin, 286 F. Supp. 2d 1029, 1044 (D. Minn. 2003) (refusing to recognize a claim for "de facto" administrator without direction from the 8th Circuit).

This Court agrees with the well-reasoned opinion in Price v. Xerox Corp., and finds that the 8th Circuit considers a party's role in an ERISA plan in determining if the party in fact administered the plan. Plaintiff has sufficiently alleged that Defendant DBC determined Plaintiff's eligibility for disability benefits and informed Plaintiff of her benefit status. This delegation of authority to determine claims is also specifically recognized and anticipated by the Plan documents.[3]

The Court also notes that Defendant has not elaborated as to the exact roles each

---

[3] Consideration of matters outside of the pleading normally render a Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. Proc. 12(b). The Court, however, may consider the Plan documents without so doing. "When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Kushner v. Beverly Enterprises, 317 F.3d 820, 831 (8th Cir. 2003), *quoting* In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996)(internal quotations omitted).

Defendant plays in the benefit determination process. If it becomes apparent, based upon later briefing or on the record, that Defendant DBC did not "in fact administer[] the plan," Defendant may move for Summary Judgment as to Defendant DBC.

Defendants' Partial Motion to Dismiss Defendant DBC is therefore DENIED.

Date: October 18, 2006
/s/ DEAN WHIPPLE
Dean Whipple
United States District Court